UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR VEYTSMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>FIRSTSOURCE ADVANTAGE, LLC,<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff ARTHUR VEYTSMAN (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, Sirotkin Varacalli & Hamra, LLP against Defendant FIRSTSOURCE ADVANTAGE, LLC, (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C.

1

§ 1692, *et seq*. ("FDCPA").

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a law firm that also acts as a debt collector with its principal place of business located in Amherst, NY.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 22, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to American Express; and (b) the

collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, for sending a collection letter which, among other things, fails to adequately inform and/or misleads the consumer regarding the amount of debts owed and his or her rights as a debtor.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to

      be applied in determining such damages and restitution; and

   d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS PARTICULAR TO ARTHUR VEYTSMAN

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to September 22, 2016, Plaintiff allegedly fell behind on payments and an obligation allegedly incurred by Plaintiff.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. At a time known only to Defendant, American Express, directly or through an intermediary, contracted Defendant to collect on an alleged debt.

18. In its effort to collect on same, Defendant contacted Plaintiff by written correspondence on April 11, 2017 (hereinafter the "letter" or "correspondence"). A copy of the correspondence is attached herein as **Exhibit A.**

19. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

20. Said communication states that the creditor to whom the debt is owed is American Express.

21. Said Communication further states Account Balance: $5,802.94

22. Said Communication further states "The Amount Due above reflects the total balance due as of the date of this letter. The itemization reflects the post charge-off activity we received from American Express and as such is subject to timing and system limitations."

23. As set forth in the following Counts, Defendant's communication violated the FDCPA.

### Count I & II
### Violations of 15 U.S.C. §§ 1692g, 1692e

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

26. One such request is that the debt collector provides "the amount of debt." 15 U.S.C. § 1692g(a)(1).

27. A debt collector has the obligation not just to convey the amount of debt, but also to convey such clearly.

28. A debt collector has the obligation not just to convey the amount of debt, but also to state such explicitly.

29. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

30. When determining whether the amount of debt owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

31. The letter first states the amount owing "$5,802.94" then goes on to state "The Amount Due above reflects the total balance due as of the date of this letter. The itemization reflects the post charge-off activity we received from American Express and as such is subject to timing and system limitations."

32. The letter fails to inform plaintiff whether the amount listed is the actual amount of the debt due.

33. The letter fails to disclose whether the balance stated thereon may increase due to interest and fees.

34. The letter fails to indicate whether payment of the amount stated would satisfy the debt.

35. The letter fails to indicate whether payment of the amount stated by any date certain would satisfy the debt.

36. The letter fails to inform Plaintiff whether the amount listed will increase.

37. The letter fails to inform Plaintiff what "other charges" might apply.

38. The letter fails to inform Plaintiff if "other charges" are applied, when such "other charges" will be applied.

39. The letter fails to inform Plaintiff if "other charges" are applied, what the amount of those "other charges" will be.

40. The letter fails to disclose whether the balance stated may increase due to interest and fees.

41. Based upon the foregoing, the least sophisticated consumer would be uncertain as to how he could satisfy the debt.

42. Based upon the foregoing, the least sophisticated consumer would be confused as to how he could satisfy the debt.

43. Based upon the foregoing, the least sophisticated consumer would be left to guess what the current balance is.

44. Based upon the foregoing, the least sophisticated consumer would be left to guess what the "timing and system limitations" are.

45. Based upon the foregoing, the least sophisticated consumer would be left to guess what effect "timing and system limitations" have on the stated amount due.

46. Based upon the foregoing, the least sophisticated consumer would assume that the balance may be different on the date the letter is received versus the date the letter was dated.

47. Based on the foregoing, the least sophisticated consumer would not know if the balance as of the date of the letter is different at the time payment is to be made.

48. Defendant failed to clearly state the amount of the debt.

49. Defendant failed to unambiguously state the amount of the debt.

50. Because of this failure, the least sophisticated consumer would likely be confused as to the amount of the debt.

51. Because of this failure, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

52. Defendant violated §1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

53. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

54. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

55. While §1692e specifically prohibits certain practices, the list is non exhaustive and does not preclude a claim of falsity or deception based on any non-enumerated practice.

56. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

57. A collection letter is deceptive under §1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

58. §1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC, 817 F.3d 72, 76(2d Cir. 2016).*

59. Defendant violated §1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and

(b) certifying Plaintiff as Class representative, and Salim Katach, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: August 16, 2017

                                              Respectfully submitted,

                                              By:  /s/ Salim Katach
                                              Salim Katach, Esq. (SK0924)
                                              Sirotkin Varacalli & Hamra, LLP
                                              110 East 59th Street, Suite 3200
                                              New York, New York 10022
                                              Phone:  (646) 590-0571
                                              *Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                              */s/ Salim Katach*
                                              Salim Katach, Esq. (SK0924)

Dated: August 16, 2017